**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) | Case No. 25-90160 (ARP) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |
| GUY LAURENT and FREDA LAURENT, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Adv. Proc. No. 25-03798 |
|  | ) |  |
| SUNNOVA ENERGY INTERNATIONAL INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND 12(b)(6)**

Thomas A. Pitta, as trustee of the Sunnova Creditor Trust (the "Creditor Trustee"), for and on behalf of Defendant Sunnova Energy International Inc. ("Sunnova"), files this Motion to Dismiss Guy Laurent and Freda Laurent's ("Plaintiffs") Complaint For Rescission, Declaratory Judgment, And Injunctive Relief (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (as incorporated by Federal Rule of Bankruptcy Procedure 7012). The

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

Creditor Trustee would show the Court as follows:

## I. BACKGROUND

Sunnova, through its affiliates, as well as an expansive network of dealers, offered residential customers solar energy services and systems through leases of photovoltaic solar systems, power purchase agreements for the use of photovoltaic solar systems, and loan agreements to finance the purchase of photovoltaic solar systems. Plaintiffs entered into the "Easy Plan Equipment Lease" bearing contract ID No. OE006611987—a photovoltaic system lease agreement—with Sunnova Energy Corporation on September 19, 2023 (the "Solar Contract"). Following the installation and activation of the photovoltaic system (the "PV System") at the Plaintiffs' residence located at 61 Sparrow Dr., Royal Palm Beach, Florida 33411 (the "Property"), the Debtors' right, title and interest in the Solar Contract and PV System was transferred to one of the Debtors' project entities, Sunnova TEP 7-F LLC.

On June 8, 2025, Sunnova and certain affiliates (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the intent to effectuate one or more value-maximizing sale transactions. The Debtors achieved that goal and liquidated all of their assets through several distinct sales under section 363 of the Bankruptcy Code, including the WholeCo sale, through which the Debtors sold their equity in Sunnova TEP 7-F LLC (the project entity holding right, title, and interest to Plaintiffs' Solar Contract and PV System). *See* Notice of Filing of Schedules to WholeCo Stalking Horse Agreement, Schedule 3.5(a) [Docket No. 404-1]; *see also* Order (I) Authorizing the Sale of Certain Debtors' Assets to the Stalking Horse Bidder Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief [Docket No. 599] ("WholeCo Sale Order").

2

On October 29, 2025, Plaintiffs filed the *Complaint for Rescission, Declaratory, And Injunctive Relief* (Adv. Docket No. 1), alleging they were fraudulently induced into entering the Solar Contract.  Plaintiffs seek equitable relief, specifically requesting that this Court:

i)      Declare the Solar Contract void and rescinded;

ii)      Declare the UCC-1 fixture filing against the Property invalid and direct Sunnova to file a UCC-3 Termination;

iii)      Permanently enjoin Sunnova and its successors from enforcing, collecting, or entering the Property;

iv)      Preserve Plaintiffs' right to pursue compensation for post-petition Property damage; and

v)      Grant such other equitable relief as the Court deems just.

The Third Amended Joint Chapter 11 Plan of Sunnova Energy (Docket No. 1205-1, the "Plan"), was confirmed on November 10, 2025, and became effective on November 14, 2025.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b), made applicable by Federal Rule of Bankruptcy Procedure 7012(b), governs motions to dismiss. Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Bankruptcy court jurisdiction is codified in 28 U.S.C. § 1334(b), which provides three categories of civil proceedings where bankruptcy courts may exercise jurisdiction: (i) those that arise under title 11, i.e., matters invoking a substantive right created by the Bankruptcy Code; (ii) those that arise in cases under title 11, i.e., administrative-type matters or matters that could arise only in bankruptcy; and (iii) those that relate to cases under title 11, i.e., proceedings where the outcome could conceivably have an effect on the estate being administered in bankruptcy. *See, e.g., In re Smith*, 849 F. App'x 867, 871 (11th Cir. 2021); *In re TMT Procurement Corp.*, 764 F.3d 512, 523 (5th Cir. 2014); *In re Wood,* 825 F.2d 90, 97 (5th Cir. 1987)).

When ruling on a motion to dismiss for lack of subject matter jurisdiction, "[a] court must accept the material factual allegations in the complaint as true, but need not draw inferences favorable to the plaintiff." *Penthouse Media Grp. v. Guccione,* 335 B.R. 66, 71–72 (Bankr. S.D.N.Y. 2005). The plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence. *Id.*

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a party fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When resolving a Rule 12(b)(6) motion, courts generally limit themselves to the contents of the pleadings and construe the complaint in favor of the plaintiff, taking all pleaded facts as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). But "courts must consider ... other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. Such factual allegations must be specific and not mere conclusory allegations, as a court will not accept as true conclusory allegations or unwarranted deductions of fact. *Id.* at 555; *Iqbal*, 556 U.S. at 678. A motion to dismiss under Rule 12(b)(6) should be granted when the allegations in a complaint, if assumed to be true, fail to support a plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555–57.

### III. ARGUMENT AND AUTHORITIES

The Debtors (and, accordingly, the Sunnova Creditor Trust) have no right, title or interest in the Solar Contract or the PV System. Such interest was sold pursuant to the WholeCo Sale Order [Docket No. 599]. Additionally, the Debtors never had any right, title or interest in the Property; the Debtors filed a lien evidenced by a UCC-1 against the PV System only and not

4

against Plaintiff's Property.  *See* UCC-1 filing attached to Complaint at Adv. Docket No. 1-3 ("THIS SECURITY AGREEMENT DOES NOT CREATE A SECURITY INTEREST OR LIEN IN THE DEBTORS REAL PROPERTY TO BE RECORDED IN REAL ESTATE RECORDS.") Because the Debtors (and consequently the Sunnova Creditor Trust) no longer hold an interest in the Solar Contract or the PV System and have no rights in the Property, the Plaintiffs' requested relief does not affect estate property.  As such, this Court does not have jurisdiction over the relevant assets and cannot grant the requested relief.  *See In re TMT Procurement Corp.*, 764 F.3d 512, 525 (5th Cir. 2014) (holding the bankruptcy court has no authority to issue orders related to property that is not part of the bankruptcy estate); *see also Edwards v. Armstrong World Indus., Inc.*, 6 F.3d 312, 319 (5th Cir. 1993) (explaining that "section 105(a) simply does not give bankruptcy courts authority over assets that are not property of the debtor's estate and in which the debtor has no interest").

### A.  This Court Lacks Jurisdiction.

This Court lacks subject matter jurisdiction because Plaintiffs' adversary complaint does not fall into any of the three categories of civil proceedings where bankruptcy courts may exercise jurisdiction.  First, the Complaint, which alleges fraudulent inducement in a consumer contract, does not arise under title 11 because it does not invoke a substantive right created by the Bankruptcy Code.  Second, Plaintiffs' claim does not arise in cases under title 11, because it is not one that could arise only in bankruptcy.  Third and finally, the Plaintiffs' claims do not meet the minimum standards of relating to a case under title 11, which are met where the outcome "could conceivably have an effect on the estate being administered in bankruptcy."  *See In Re Maxwell*, No. 10-79479, 2012 WL 3678609, at *2 (Bankr. N.D. Ga. Aug. 22, 2012); *In re Wood*, 825 F.2d at 93.  Here, Plaintiffs' claims against the Debtors could have no conceivable effect on the estate

or the Debtors' administration of the estate, because the Solar Contract and the PV System are no longer property of the estate (and the Property never was). This Court, therefore, lacks jurisdiction to determine this dispute. *See In Re Maxwell*, 2012 WL 3678609, at *3 ("[O]nce property leaves the estate, a bankruptcy court loses jurisdiction to determine disputes concerning that property, unless the result of the dispute could have some effect on the bankruptcy case") (citing 4 Collier on Bankruptcy ¶ 554.02[3] (15th ed. rev.2003)); *see also In re Tanner*, 442 B.R. 863, 865 (Bankr. W.D. Va. 2010) ("Since the Property does not constitute property of the estate, the Court lacks jurisdiction over the Property.").

**B. Plaintiffs Fail to State Any Claim Upon Which Relief May Be Granted.**

Even if this Court did have subject matter jurisdiction (it does not), and taking all pleaded facts to be true, the allegations in the Complaint fail to support Plaintiffs' entitlement to relief. None of Plaintiffs' requested relief can be granted. First, because Debtors no longer hold any right, title, or interest in the Solar Contract, Debtors are no longer the appropriate party for any action to terminate or rescind the Solar Contract, and relief cannot be granted in this action. Second, this Court cannot declare a lien against the Property invalid and direct the Debtors to terminate that lien, because no lien was ever filed against the Property. There was only a lien filed against the PV System, which lien is no longer owned by the Debtors. Third, Plaintiffs are not entitled to injunctive relief preventing the Debtors from enforcing or collecting on the Solar Contract or entering the Property because Debtors do not own the Solar Contract and therefore have no legal right to enforce it, collect upon it, or seek to enter the Property to obtain physical possession of it. Fourth and finally, there is no claim that entitles Plaintiffs to an order from this Court "preserving" their right to pursue property damages in the future. To the extent Plaintiffs have a claim against the Debtors, such a claim is governed by the Plan. To the extent Plaintiffs

have a claim against the purchaser under the WholeCo Sale Order, this Court cannot grant the relief requested in this case.  Plaintiffs' claims, therefore, must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For these reasons, the Creditor Trustee requests dismissal of Plaintiffs' Complaint and requests all further relief to which it may be entitled.

**BRACEWELL LLP**

*/s/ Jason G. Cohen*

Jason G. Cohen (TX Bar No. 24050435)
Jonathan L. Lozano (TX Bar No. 24121570)
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone:    (713) 223-2300
Facsimile:    (800) 404-3970
Email:          jason.cohen@bracewell.com
                    jonathan.lozano@bracewell.com

*Special Counsel to the Creditor Trustee*

8

## Certificate of Service

I certify that on December 12, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/  *Jason G. Cohen*
Jason G. Cohen

8